# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | |
|---|---|
| Timothy J. Donohue,<br><br>        Plaintiff,<br><br>    v.<br><br>Arthur J. Gallagher & Co., a Delaware Corporation; and Bob Jacobsen,<br><br>        Defendants. | Case No. 4:22-cv-04044-KES<br><br>**[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIALITY** |

To facilitate discovery and to protect the confidentiality of and rights to information and documents disclosed in connection with this litigation, under Rule 26(c) of the Federal Rules of Civil Procedure, while also paying heed to the need for the public to have access to court records, the Court hereby enters the following Protective Order:

1.      ***Information Subject to This Protective Order***. All information, including electronically stored information, things, and documents filed with the Court or produced by any party or non-party in discovery in this action designated as Confidential Material shall be governed by this Protective Order. The term "document" shall have the full meaning ascribed to it in SDCL 15-6-34 and shall include, without limitation, all original paper, written, recorded, electronic or graphic materials and copies thereof. The term "testimony" shall include oral depositions, depositions by written interrogatories, answers to interrogatories and affidavits. The term "party" shall mean any person or entity now or hereafter a plaintiff, defendant, third-party defendant, intervenor or joined in this action in

1

any other capacity. Documents and things constituting, describing or containing trade secrets or financial, proprietary, or otherwise nonpublic information may be designated "CONFIDENTIAL" according to the procedures and provisions of this Protective Order.

2.      *Limitation on Scope*. This Order shall not apply to any document, information or testimony when introduced or used during trial, unless the Court otherwise orders upon motion of a party or nonparty and for cause shown.

3.      *Use of Information Produced Pursuant to This Order*. A party or non-party producing information and/or material in discovery in this case may, in good faith, designate such information and/or material as "CONFIDENTIAL" under this Protective Order (hereafter referred to as "Confidential Material"). Confidential Material shall not be provided to any person or entity except as authorized under this Protective Order. Confidential Material will be used by the party or parties to whom such information is produced solely to litigate this case, unless otherwise ordered by a court. Confidential Material will not be used by or disclosed to any person or entity other than the receiving party for any use or purpose, unless that use, purpose, or disclosure is authorized by this Protective Order, otherwise agreed in writing by the producing party, or ordered by a court. For the purposes of this Protective Order, the party or non-party designating information or material as Confidential Material is called the "Designating Party."

4.      *Designating and Marking Confidential Material*. Confidential Material shall be designated and marked as follows:

        a.      Each document or item to be designated as Confidential Material shall be designated by stamping or writing on it one of the following legends, or an equivalent

2

thereof:  "CONFIDENTIAL." Whichever legend is used shall be placed on the first page of the document and on each page that the Designating Party claims to contain Confidential Material.

       b.    A physical exhibit is to be designated as Confidential Material by affixing to it a label with the legend specified in subsection 4(a) above.

       c.    A discovery response is to be designated as Confidential Material by placing, on the first page of the set of responses and at the beginning of each individual discovery response that contains information that the Designating Party claims to be Confidential Material, the legend specified in subsection 4(a) above. Only those individual answers designated to be Confidential Material will be treated as such.

       d.    In producing original files and records for inspection, no marking need be made by the producing party before the inspection. For the inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Upon selection of specified documents for copying by the inspecting party, the producing party shall mark as "CONFIDENTIAL" the copies of such documents as may contain confidential information when the copies are produced to the inspecting party.

       e.    Deposition testimony and/or deposition exhibits may be designated as Confidential Material by a statement to such effect, identifying the appropriate level of confidentiality, made on the record during the deposition. If a deposition or portion thereof is designated on the record, during the deposition, as "CONFIDENTIAL," the deposition shall continue in the absence of all persons to whom access to Confidential Material is not permitted under this Protective Order. Copies of the portion of the transcript containing

3

Confidential Material may be provided only to persons permitted by the other provisions of this Protective Order to receive such Confidential Material.

      f.    Alternatively, if a party believes that portions or the entirety of a deposition transcript (including exhibits) constitute Confidential Material, that party may designate portions or the entirety of a deposition transcript (including exhibits) as Confidential Material by sending to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, within twenty (20) days after counsel for the Designating Party receives the deposition transcript, a letter or other written notice designating certain portions, or the entirety, of the transcript as "CONFIDENTIAL." The letter or other notice shall cite this Protective Order, identify its confidentiality, and identify the pages and lines, and/or exhibits, to be designated as Confidential Material. Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend specified in subsection 4(a) above indicating the confidentiality claimed by the Designating Party and shall be governed by this Protective Order. After twenty (20) days following receipt of the deposition transcript, no portion of that transcript will be considered confidential unless it is designated as such in writing under this paragraph.

      g.    Each deposition transcript shall be treated as containing in its entirety "CONFIDENTIAL" information during the twenty (20) day period after receipt of the transcript by counsel for the Designating Party during which counsel for the Designating Party may identify "CONFIDENTIAL" information from the transcript.

4

5.      *Inadvertent Misdesignation*. A Designating Party that inadvertently fails to mark an item as "CONFIDENTIAL" at the time of the production shall have a reasonable amount of time after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately marked as Confidential Material. Within five (5) business days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked, or incorrectly marked, items and all copies thereof.

6.      *Disclosure Restrictions*. Except by prior Court Order or with the prior written consent of the party or nonparty designating a document or testimony as confidential, no document or testimony so designated, no information contained therein or any summary thereof shall be disclosed to any person other than:

a.      The Court and trial jury;

b.      Counsel of record for the parties to this action and their regular partners and employees;

c.      Experts retained to assist counsel of record in the preparation of this litigation;

d.      Experts expected by counsel of record to testify as such in this litigation;

e.      Representatives of any organizational party to this action who, as a part of the regular course of their employment duties, are involved in the administration or supervision of the activities of such party in this action or in connection with the underlying transactions which are the subject matter of this action.

5

f.      Other persons scheduled for depositions or designated as trial witnesses to the extent necessary for their testimony or in preparing to testify; employees of parties or third-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with these actions, including performance of such duties in relation to a computerized litigation support system; and any other person designated by the Court in the interest of justice, upon notice and opportunity for hearing, and upon such terms as the Court may deem proper.

7.      *Use of Confidential Material by Designating Party*. Nothing in this Protective Order limits a party's ability to show materials that party has designated as "CONFIDENTIAL" to whomever the Designating Party may deem appropriate.

8.      *Jurisdiction*. Each person or entity receiving Confidential Material under this Protective Order (including counsel) and executing a copy of the Consent agrees to subject himself, herself, or itself to the jurisdiction of this Court for any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

9.      *Protecting Confidential Materials*. Each person who receives any Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any intentional or inadvertent use by or disclosure to persons to whom disclosure is not permitted under this Protective Order.

10.     *Challenging Designation of Materials as Confidential*. A party may challenge the designation of Confidential Material only as follows:

a.      If a party believes that material designated by another party as "CONFIDENTIAL" has not been properly designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under this Protective Order, that party (defined as the "Challenging Party" for purposes of this section) shall provide to the Designating Party written notice of this disagreement. The parties shall then attempt in good faith to resolve such dispute informally.

b.      If the parties cannot resolve their dispute informally, the Challenging Party may request relief from the Court. The Designating Party must establish that the contested material is entitled to the level of confidentiality attributed to it by the Designating Party. The material involved shall be treated according to its original designation during the pendency of the challenge.

11.     ***Submitting Confidential Materials to the Court***. Confidential Material may be submitted to the Court only as follows:

a.      A party who physically or electronically submits or files with the Court any paper, pleading, exhibit, or other document containing Confidential Material shall state on the first page of the document containing such Confidential Material that the document contains Confidential Material and is submitted under seal. Any document submitted to or filed in opposition or reply to any such sealed document and that discusses, describes, or quotes any portion of the Confidential Material contained in the sealed document shall itself be filed under seal.

b.       Even though the CM/ECF User Manual and Administrative Procedures contemplates that Confidential Material designated under a Protective Order

7

can be filed electronically, under the current system any such Confidential Material must be manually delivered to the Clerk with instructions for filing under seal.

   c. Once the Court's CM/ECF system so permits, a party who electronically submits to or files with the Court any document containing or disclosing Confidential Material shall submit or file such document under seal in accord with the Court's rules and procedures for electronically submitting or filing confidential information or sealed documents, without further need to seek leave of the Court to file such documents under seal.

   12. ***Conclusion of Litigation***. All provisions of this Protective Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by all the parties or ordered by the Court. Upon final conclusion of the litigation, including all post-trial motions, appeals, retrials and other post-appeal proceedings and full payment and/or performance of any final judgment and, where applicable, the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(b)(1)-(3), a party in possession of Confidential Material, other than that which is contained in attorney notes, pleadings, correspondence, and deposition transcripts, shall either (a) return such documents, within 30 days after conclusion of this action, to counsel for the party or non-party who provided such information, or (b) destroy the documents within that time period and certify in writing within that time period that the documents have been destroyed. Notwithstanding the foregoing, outside counsel may keep one copy of all pleadings; other papers submitted to the Court; deposition, hearing, and trial transcripts; and written responses to

interrogatories, requests for production (excluding exhibits designated as Confidential Material), and requests for admission, all of which shall be subject to the continuing obligations imposed by this Protective Order.

13.   ***Client Communication***. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, while rendering such advice, relying generally upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, however, counsel shall not specifically disclose any Designated Material, except as permitted by this Protective Order.

14.   ***Discovery from Third Parties***. When documents, testimony, or other information is sought in discovery from a person (including any business entity) who is not a party to this suit, and such person reasonably believes that the information sought is confidential or secret information, such person may designate such information as Confidential Material under this Protective Order. Information so designated shall be treated under this Order as if it had been so designated by a party to this action.

15.   ***Improper Disclosure of Confidential Materials***. If any Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each

9

unauthorized person who received such information, and shall immediately require each unauthorized person to return all Confidential Material improperly disclosed to that person, all copies made of the improperly disclosed Confidential Material, and all documents containing excerpts from or references to the improperly disclosed Confidential Material.

16. ***No Admissions***. Neither the designation of material as Confidential Material under this Protective Order, nor failing to designate material as Confidential Material, nor the failure to challenge any such designation, shall be deemed an admission regarding whether such material is or is not proprietary, confidential, or a trade secret.

17. ***Inadvertent Production of Privileged Material***. The inadvertent or unintentional disclosure by a party of information subject to a claim of attorney-client or other privilege or work-product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto. If a party has inadvertently produced material subject to a claim of immunity or privilege, the receiving party(ies), upon written request and concurrently with the delivery of an updated privilege log adequately identifying the inadvertently produced document, shall promptly return the inadvertently produced material and all copies that have been made. A party returning such material may move the Court for an order compelling its production on grounds other than waiver by its earlier production.

18. ***Modification of Protective Order***. Each party reserves the right to request that the Court modify this Protective Order in the event that the party believes that a modification is necessary. If an application for modification of this Protective Order is

made, all signatories of copies of the Consent, and persons described herein, shall remain

bound by this Protective Order unless it is modified by the Court.

BY THE COURT:

DATED: _May 20, 2022_

_Karen E. Dickman_

The Honorable Karen E. Schreier
United States District Judge

**CONSENT TO BE BOUND BY PROTECTIVE ORDER FOR CONFIDENTIALITY**

The undersigned acknowledges having been provided with and having read the "Protective Order for Confidentiality" in this matter ("Protective Order"). The undersigned further agrees he/she: (i) is bound under the Protective Order; (ii) will comply with all of its provisions; and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Executed on _____, 2022, at _____[CITY AND STATE].

Signature: _____

51530016.v2-OGLETREE