UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Timothy J. Donohue,<br><br>    Plaintiff,<br><br>vs.<br><br>Arthur J. Gallagher & Co., a Delaware Corporation; and Bob Jacobsen<br><br>    Defendants. | Case No. 4:22-CV-04044-KES<br><br>**DECLARATION OF HAL SHILLINGSTAD IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Hal Shillingstad, declare as follows:

1. I am an attorney with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. I represent Defendants Arthur J. Gallagher & Co. ("AJG") and Bob Jacobsen in the above-referenced matter.

2. I make this Declaration in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Motion") filed on July 7, 2022.

3. Defendants removed this action to federal court on April 1, 2022, answered the Complaint on April 8, 2022, and made initial disclosures on May 18, 2022.

4. Before Defendants had made their initial disclosures and immediately after Defendants had answered the Complaint, Plaintiff served his Request for the Production of Documents (First Set) on April 18, 2022.

5. Defendants served objections and response to Plaintiff's Request for Production of Documents on May 18, 2022.

6. Plaintiff has not served interrogatories, sought admissions, or noticed a deposition of any witness of Defendants.

7. Counsel for the parties conducted a meet and confer on June 7, 2022, concerning Defendants' Objections to Plaintiff's document demand and reached certain agreements on scope and other objections.

8. Defendants produced responsive documents on June 29, 2022. Plaintiff served the present motion eight days later on July 7, 2022.

9. Defendants have diligently participated in discovery, reviewing materials and producing documents in response to Plaintiff's Request for the Production of Documents (First Set).

10. As of the time of Plaintiff's filing of this Motion, Defendants cannot fully present facts essential to justify their opposition to Plaintiff's Motion. These essential facts include, but are not limited to:

- Whether Donohue engaged in any other activity that would constitute lobbying activity under AJG's policies.
- That Donohue knew that his testimony in favor of Senate Bill 92 was adverse to AJG clients.
- That Donohue knew that he was required to follow AJG policies that govern political activity and lobbying.
- That Donohue intentionally disregarded AJG policies that govern political activity and lobbying.
- That Donohue's effectiveness in his support for Senate Bill 92 depended upon his employment with AJG.

11. Accordingly, Defendants seek discovery, via interrogatories, requests for production of documents and depositions of Donohue and any third parties he identifies in discovery, into the following topics:

- The reasons Donohue testified in favor of Senate Bill 92;
- Who requested Donohue testify in favor of Senate Bill 92 and why;
- The communications Donohue had with any third party (legislators, AJG customers, or other third parties), or AJG employees concerning Donohue's testimony;
- Donohue's relationship with any of the unnamed legislators or persons who requested his testimony;
- Donohue's knowledge of any negative sentiment around Senate Bill 92 in the insurance industry;
- Whether Donohue used his employment with AJG to strengthen his clout or credibility during his lobbying effort in support of Senate Bill 92;
- Donohue's knowledge of AJG's client relationships and the impact that his testimony would have on AJG clients;
- Donohue's violation of AJG policies;
- Any admissions against interest Donohue may have made in connection with his testimony; and
- Any other material issues that may arise based on the above discovery.

12. Discovery into these matters will show that Plaintiff's wrongful discharge claim must fail because his termination was based on legitimate, non-discriminatory, non-retaliatory reasons, including violation of AJG policies.

13. Defendants issued requests for the production of documents and interrogatories to Plaintiff on July 26, 2022 to obtain the information outlined above and have noticed Plaintiff's deposition for September 1, 2022. Attached as Exhibit A is a true and correct copy of Defendants' Requests for the Production of Documents to Plaintiff (Set I), served on Plaintiff via counsel on July 26, 2022. Attached as Exhibit B is a true and correct copy of Defendants' Interrogatories to Plaintiff (Set I), served on Plaintiff via counsel on July 26, 2022. Attached as Exhibit C is a true and correct copy of Defendants' Notice of Taking Deposition of Timothy J. Donohue, served on Plaintiff via counsel on July 27, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 28, 2022

>*/s/Hal A. Shillingstad*
>Hal Shillingstad