Case No. 4:22-CV-4044-LLP

# EXHIIT A

# To Affidavit of Steven W. Sanford

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Timothy J. Donohue | ) | |
| Plaintiff, | ) ) ) | Case No.  4:22-CV-04044-KES |
| vs. | ) ) | **DEFENDANTS' RESPONSES** |
| | ) | **TO PLAINTIFF'S REQUESTS** |
| Arthur J. Gallagher & Co., a Delaware | ) | **FOR PRODUCTION OF** |
| Corporation; and Bob Jacobsen | ) ) | **DOCUMENTS (FIRST SET)** |
| Defendants. | ) ) | |

TO:   Plaintiff and his attorney, Steven W. Sanford, Cadwell Sanford Deibert & Garry, LLP, 200 E. 10th Street, Suite 200, Sioux Falls, SD 57104.

Defendants, for their Responses to Plaintiff's Requests for Production of Documents

(First Set), state as follows, subject to the General Notes and Objections and additional

objections asserted below:

### GENERAL NOTES AND OBJECTIONS

1.       Defendants object to Plaintiff's discovery to the extent that it seeks information from Defendant that is more readily within Plaintiff's control and/or the control of a third party.

2.       Defendants note that discovery has just commenced and is ongoing. Defendants are unaware of the full scope and extent of Plaintiff's claims and allegations. Defendants reserve the right to supplement or amend its responses as information is received throughout discovery.

3.       With respect to Plaintiff's discovery requests, Defendants incorporate information provided in depositions and/or in the documents produced by Defendants and/or others.

4.       Defendants object to Plaintiff's discovery to the extent that it seeks disclosure of information that is privileged under Rule 26, the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege.

of litigation and protected by the attorney-client privilege and work product doctrine. Subject to and without waiving objections, Defendants will produce relevant, non-privileged documents responsive to this request, if any, at a mutually-agreeable time following the entry of an agreed protective order.

11.    Produce every **document** constituting a contract or agreement in force on January 25, 2022 with any insurance pool based in South Dakota.

**RESPONSE:** In addition to the General Notes and Objections, Defendants object to this request as overbroad in scope insofar as the terms and conditions in customer contracts as described are irrelevant to any claim or defense in this case and are confidential and proprietary.

12.    Referring to Section 8A of the Employment Agreement attached to the Complaint as Exhibit A, produce any one or more **documents** which together accurately and completely provide the following information:

(a)    the **identity** and all exact locations of "any client, customer or Prospective Account of the Acquired Business."

(b)    the **identity** and exact locations of every "account of the Acquired Business or which was an account of the Acquired Business within two years prior to the Closing Date," and "any Prospective Account (as defined below) of the Acquired Business."

(c)    any and all "account of the Company or any of its affiliates for which the Employee performed any of the foregoing functions during the two-year period immediately preceding termination" and "any Prospective Account of the company or any of its affiliates . . . ."

**RESPONSE:** In addition to the General Notes and Objections, Defendants further object to the request for documents as calling for Defendants to undertake to determine documentation "which together accurately and completely provide" certain categories of information, which is beyond the scope of Rule 34, unduly burdensome, and cannot be

not a party to this litigation, seeks irrelevant information, and to the extent it involves matters not relevant to any claim or defense in this case, and it is vague in its use of the terms "strategies, intentions, and goals." Subject to and without waiving objections, Defendants are willing to meet and confer on a reasonable limitation in scope and clarification of the information sought by this request.

Dated: May 18, 2022

Attorneys for Defendants Arthur J. Gallagher & Co. and Bob Jacobsen and Counterclaimant Arthur J. Gallagher & Co.


By: /s/ Hal A. Shillingstad
Hal A. Shillingstad, SD No. 4591
Nathan T. Boone, pro hac vice
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P. C.
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
Phone: 612-339-1818
Fax: 612-339-0061
hal.shillingstad@ogletree.com
nathan.boone@ogletree.com