UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY J. DONOHUE, | ) | Case No. 4:22-CV-4044-LLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | PLAINTIFF'S |
| ARTHUR J. GALLAGHER & CO., a | ) | SURREPLY BRIEF |
| Delaware corporation; and BOB | ) | |
| JACOBSEN, | ) | |
| | ) | |
| Defendants. | ) | |

On page 4 of their Reply Memorandum of Law in Support of Motion for Partial Summary Judgment, Defendants purportedly quote the entire text of SDCL 22-11-19. Plaintiff had cited the statute for the argument that the public policy of South Dakota supports Plaintiff's right as a private employee to maintain an action against his former private employer for retaliatory discharge as an exception to the at-will employment doctrine.

Defendants' supposed quotation is simply false and inaccurate. In fact, it entirely omits the sentence relied upon by Plaintiff in his Reply Brief. That sentence is as follows:

> Any person who injures, or threatens to injury, any person or property[1], *in retaliation for that person testifying in an official proceeding*, or for

---

[1] As defined in SDCL 22-1-2(35), the term "property" is extremely broad and includes tangible and intangible personal property and contract rights.

1

> cooperating with law enforcement, government officials, investigators or prosecutors, is guilty of tampering with a witness.

Hopefully that omission was not deliberate. But it is difficult to understand how the omission could just be an "oops." The retaliation sentence was quoted on page 2 of Plaintiff's Reply Brief. Attached are copies of SDCL 22-11-19 from Volume 14 of the Thomson West official statute publication and also the print-out of the statute from Westlaw, both containing the defense-omitted retaliation sentence. Defendants cite *State v. Peck,* 459 N.W.2d 441(S.D. 1990), and *State v. Adamson,* 738 N.W.2d 919 (S.D. 2007). Neither case quotes the entire 22-11-19. But viewing the cases in Westlaw, if one clicks on the statute citation, the current version, including the retaliation sentence, shows up.[2]

Defendants' Reply Brief then proceeds down a path of argument completely irrelevant, since Plaintiff has not relied upon the portion of the statute Defendants chose to quote. Plaintiff's point about the retaliation portion of SDCL 22-11-19 is simple. The statute, along with SDCL 23A-28-9, permitting a victim's civil action against private party perpetrators of retaliatory conduct, are sufficient to establish that the right to petition protected by the First Amendment and the South Dakota Constitution is by South Dakota statute the subject of prohibition against private parties, and not just government employers, and by South Dakota statute extends civil action rights to private victims.

---

[2] The retaliation sentence was first enacted in 2004 and codified as SDCL 22-11-19.1. The sentence was then moved to SDCL 22-11-19 in 2005. See attached Session Laws for those two years.

That is exactly what happened to Plaintiff and exactly why Plaintiff is entitled to enforce his claim for retaliatory discharge against Defendants, the private party tortfeasors.

Defendants contend that the right to petition, as a public policy exception, should be limited to incidences of testimony compelled by subpoena. Of course, the retaliation sentence in § 22-11-19 is not so limited. It simply says "testifying in an official proceeding . . . ."

This Surreply Brief is submitted both in support of Plaintiff's Motion for Partial Summary Judgment and in opposition to Defendants' Motion for Partial Summary Judgment.

Dated: August 22, 2022

                                                CADWELL SANFORD DEIBERT
                                                & GARRY LLP

By /s/ SW Sanford
Steven W. Sanford
200 E. 10th Street, Suite 200
Sioux Falls, South Dakota 57104
(605) 336-0828
E-mail: *ssanford@cadlaw.com*
***Attorneys for Plaintiffc***