### UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH DAKOTA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| Timothy J. Donohue, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  4:22-CV-04044-KES |
| | ) | |
| vs. | ) | **DEFENDANTS' MEMORANDUM** |
| | ) | **IN RESPONSE TO PLAINTIFF'S** |
| Arthur J. Gallagher & Co., a Delaware | ) | **SURREPLY BRIEF RESPONDING** |
| Corporation; and Bob Jacobsen | ) | **TO A NEW MATTER RAISED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff's Surreply Brief raises a new matter for the first time that Plaintiff Donohue

had a property interest that was injured under the witness tampering statute, which he then

uses in support of his position that the statute supports a public policy exception to the at-

will employment doctrine.  This position is inconsistent with the statute's plain language

and Defendants seek leave to respond to this new matter. [1]

---

[1] Defendants have been confronted with a moving target with respect to Plaintiff's reliance
on SDCL § 22-11-19 which was not mentioned in Plaintiff's Complaint or in Plaintiff's
Motion for Summary Judgment.  Instead, it was raised for the first time in Plaintiff's
opposition to Defendants' motion for partial summary judgment and continues to evolve
in Plaintiff's Surreply Brief.  Defendants contend the new matter raised by Plaintiff in his
Surreply constitutes good cause to permit this narrow response. *Atuahene v. South Dakota
State University*, 2009 WL 1586952, at *8 (D. S.D. June 4, 2009) ("[C]ourts that have
viewed the issue of surreplies have considered whether the reply which proceeded the
surreply contained new information for which the opportunity to respond is needed."
(internal quotation marks omitted)). A surreply or supplemental briefing is appropriate
when the moving party is seeking to respond to a new argument, and when "allowing the
argument will further ensure the issue is decided properly in consideration of all relevant
circumstances." *See Quality Wood Designs, Inc. v. Ex-Factory, Inc*., 2014 WL 12740768
at *1, *2 (D. S.D. April 10, 2014) (allowing surreply when additional arguments were
raised for the first time in a reply brief, no undue prejudice would result, and allowing the
argument would ensure the issue is decided properly).

Plaintiff's Surreply Brief quotes SDCL § 22-11-19 that "[a]ny person who injures, or threatens to injur[e], any person or **property,** in retaliation for that person testifying in an official proceeding, …is guilty of tampering with a witness." (Plaintiff's Surreply Brief (Doc. No. 37) at 1-2) (emphasis added). Plaintiff, via footnote, characterizes the meaning of the word "property" in SDCL § 22-11-19 as follows:

> As defined in SDCL 22-1-2(35), the term "property" is extremely broad and includes tangible and intangible personal property and contract rights.

(Doc. 37, Plaintiff's Surreply Brief, fn. 1.)[2]

Plaintiff's construction of injury to "property" suggests that Donohue suffered an injury to property under the statute. Plaintiff then argues in conclusory fashion that the application of SDCL § 22-11-19 in this case is "simple" because Donohue was terminated in retaliation for his testimony before the South Dakota legislature.

This is the first time Plaintiff has cited SDCL § 22-1-2(35) and advanced the supposedly "extremely broad" definition of "property" to suggest that Donohue suffered an injury to his property under 22-11-19 such that a public policy exception built on the statute would apply to him. No property injury occurred under the statute, and Plaintiff's attempt to have the Court accept as fact that Donohue suffered a property injury triggering

_____

[2] The full text of SDCL § 22-1-2(35) cited by Plaintiff reads: "Property," anything of value, including, but not limited to, motor vehicles, real estate, tangible and intangible personal property, contract rights, choses-in-action, and other interests in or claims to wealth, admission or transportation tickets, captured or domestic animals, food and drink, electric or other power, services, and signatures which purport to create, maintain, or extinguish any legal obligation;

the witness tampering statute shows the inapplicability of the witness tampering statute to at-will employment.

SDCL § 22-11-19 criminalizes conduct by ***"any person who injures, or threatens to injure, any person or property"*** for the enumerated circumstances in the first and second sentences of the statute, including "in retaliation for that person testifying in an official proceeding" as Plaintiff claims here. The underlying purpose of the statute is to "criminalize acts that threaten the veracity and cooperation of witnesses." *State v. Peck*, 459 N.W.2d 441, 443 (S.D. 1990).   The witness tampering statute requires, under its plain language, an "injury" or "threatened injury" to a "person or property."

South Dakota is an employment at will state: "An employment having no specified term may be terminated at the will of either party on notice to the other...." SDCL 60–4–4; *Butterfield v. Citibank of South Dakota*, 437 N.W.2d 857, 859 (S.D. 1989) (*citing Larson v. Kreiser's Inc*., 427 N.W.2d 833, 834 (S.D. 1988)).   Personnel in an employment at-will arrangement may be terminated "at any time for any reason." *Henning v. Avera McKennan Hospital,* 945 N.W.2d 526, 531 (S.D. 2020) (*citing Hollander v. Douglas Cty*, 620 N.W.2d 181, 185 (S.D. 2000)). Courts have thus held that at-will employees do not have a "property interest" in their continued employment. *See, e.g., Koch v. Tracy*, 2016 WL 3817214 at *7 (D. S.D. July 12, 2016) ("Koch argues that he had a protected property interest in his continued employment as the Corn Palace director. But it is well established that at-will employees do not have a property interest in their continued employment, and thus their termination cannot support a procedural due process claim.") (internal quotations omitted); *Warnock v. City of Canton, S.D*., 2012 WL 2050734 at *5 (D. S.D. June 7, 2012) ("There

is no evidence that Warnock had any sort of employment contract that provided additional protection from being fired at-will. Even if the city manager did not have broad removal powers as given by the legislature, Warnock does not have a property interest in his employment because he is an at-will employee").

Plaintiff's contention that AJG's acts fall under the witness tampering statute presupposes an injury to property which Plaintiff now claims is defined "extremely broad and includes tangible and intangible personal property and contract rights." [3]   However, Donohue has no "property" interest "of value" under SDCL § 22-1-2(35) that was injured or threatened to be injured under SDCL § 22-11-19 because he has no property interest in continued at-will employment. The witness tampering statute has no application here.

As there is no property right impacted by an at-will employee's termination, it is not surprising that no case has been cited in South Dakota or elsewhere that uses a criminal witness tampering statute to create a public policy exception to the at-will employment doctrine.  Donohue was an at-will employee who lost his job.  He was not a victim of a crime under the witness tampering statute, as he was not injured (or threatened to be injured) in his person or his property as defined in SDCL § 22-1-2(35).  The public policy articulated in the witness tampering statute is to protect injured victims of crimes in their person or property for the acts in the statute, not at-will employees who face no injuries to their person or property but do lose their jobs. There is no indication that the Legislature,

---

[3] There is no claim or any facts that Donohue suffered personal injury or that he was threatened with personal injury under the witness tampering statute due to his testimony before the legislature.  The discussion in this Memorandum is limited to the injury to property issue raised in Plaintiff's Surreply.

when it created and updated SD § 22-11-19, intended to establish any public policy with respect to at-will employment.  Indeed, the statute and the definition of "property" under the statute is completely silent regarding at-will employment or employment generally.

Defendants request the Court grant this motion and accept the filing and service of this Response to Plaintiff's Surreply Brief in support of Defendants' Motion for Partial Summary Judgment and in opposition to Plaintiff's Motion for Partial Summary Judgment.[4]

Dated:  August 23, 2022

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.

*/s/ Hal A. Shillingstad*
Hal A. Shillingstad, SD #4591
Nathan T. Boone (admitted *pro hac vice*)
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612.339.1818
Facsimile:  612.339.0061
hal.shillingstad@olgetree.com
nathan.boone@ogletree.com

**Attorneys for Defendants Arthur J. Gallagher & Co. and Bob Jacobsen**

---

[4] Defendants' counsel also wishes to apologize for any confusion generated due to the incomplete quote of the statutory text in the Reply Brief.  Defendants' counsel first became aware of this with the filing of Plaintiff's Motion Requesting Leave to File a Surreply.  The omission of the sentence at issue in the block quote (which was intended to quote the entire statute) was an oversight and was not intended to mislead the Court on Plaintiff's position in his opposition brief.