UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY J. DONOHUE,<br><br>   Plaintiff/Counter Defendant,<br><br>vs.<br><br>ARTHUR J. GALLAGHER & CO., a Delaware Corporation, and BOB JACOBSEN,<br><br>   Defendants/Counter-claimants. | **4:22-CV-04044-KES**<br><br>**ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER** |

Pending before the court is defendants' motion to reconsider the order denying summary judgment. Docket 55. In the alternative, defendants move the court to certify a question of state law to the South Dakota Supreme Court or to certify an interlocutory appeal to the Eighth Circuit. *Id.* Plaintiff, Timothy J. Donohue, opposes the motion. Docket 58.

**PROCEDURAL BACKGROUND**

Both Donohue and defendants moved for partial summary judgment on Count 1 of the complaint, which alleges retaliatory discharge under South Dakota state law. Dockets 1-1, 18, 23. The court denied summary judgment, finding that the reason for Donohue's discharge was a question of material fact. Docket 52. In that order, the court also found as a matter of law that a public policy exception to South Dakota's at-will employment doctrine exists for

individuals to testify in an official legislative proceeding. *Id.* at 9-10. Defendants now move the court to reconsider its prior order and find that there is no public policy exception for testimony before an official legislative proceeding, or if such an exception does exist, it applies only when the subject of the testimony concerns the employer. Docket 56 at 4-9. In the alternative, defendants ask that the court certify to the South Dakota Supreme Court the question of whether a public policy exception to the at-will employment doctrine exists for testimony before an official legislative proceeding. *Id.* at 9-12. If the court declines to certify the question to the state court, defendants request that the court grant an interlocutory appeal to the Eighth Circuit. *Id.* at 12-13. Donohue opposes the motion in its entirety. Docket 58 at 2-3.

## DISCUSSION

### I. Motion to Reconsider

Defendants move the court to reconsider its previous order under Federal Rule of Civil Procedure Rule 60(b).[1] Rule 60(b) provides that the court may relieve a party from an order for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Rule "authorizes relief based on certain enumerated circumstances" but should not be used "for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). A motion to reconsider "is not a vehicle to identify facts or legal

---

[1] Defendants cite both Federal Rule of Civil Procedure 59(e) and Rule 60(b) in their motion for reconsideration. Docket 56 at 3. But because defendants only argue for reconsideration under Rule 60(b)(1) – mistake of law – the court construes their motion as arising under Rule 60(b). *Id.*

2

arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015). Instead, "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotations omitted). Exceptional circumstances, in addition to a mistake, inlcude those that "have denied the moving party a full and fair opportunity to litigate [its] claim and have prevented the moving party from receiving adequate redress." *Id.* at 871.

Defendants contend "that the March 30, 2023 [o]rder [denying summary judgment] contains a mistake of law in that it effectively concluded that South Dakota recognizes a public policy exception to the at-will doctrine for an employee who voluntarily testifies before a legislature on a matter not involving the employer's interests." Docket 56 at 3; *see also Kemp v. United States*, 142 S.Ct. 1856, 1861-62 (2022) (finding that a judge's errors of law constitute a mistake under Rule 60(b)(1)). But defendants do not explain the existence of any "exceptional circumstances" that would entitle them to reconsideration. None of the cases cited by defendants pre-date the court's order denying summary judgment, nor were they in some way previously undiscoverable. *See* Docket 56 at 3-9 (citing *Craig v. not for Profit Hosp. Corp.*, 2022 WL 4119766 (D.D.C. Sept. 9, 2022) as most recent decision); Docket 45 (permitting defendants to file supplemental briefing in December 2022); Docket 52 (denying summary judgment on March 30, 2023). Defendants had a full opportunity to fairly litigate their claim in the first instance and now appear to

be rearguing an issue already decided by the court. The court declines to reconsider its previous ruling simply because defendants disagree with the court's finding and want another chance to present their arguments.

But even if the court were to entertain argument on the merits, defendants' contention that the court made a mistake of law in its previous order is unpersuasive. Defendants cite to a variety of cases - none of which are binding authority - to argue that any public policy exception to the at-will employment doctrine for testimony before the legislature should be restricted to circumstances in which the terminated employee's testimony was against the employer. Docket 56 at 3-9. This may be the factual background of all cases cited by defendants. *See, e.g., Laznik v. Security Finance of Oklahoma, LLC*, 2007 WL 1072202 at *7 (W.D. Ok. April 5, 2007) (finding public policy exemption under Oklahoma law for an employee who testified in pending litigation involving employer). But none of these cases *required* that the protected testimony be against the employer. The cases instead use language similar to that of the court in its previous order, finding a general public policy exception for testimony. *Compare Page v. Columbia Nat. Res., Inc.*, 480 S.E.2d 817, 826 (W.V. 1996) ("[W]e hold that it is against substantial public policy of West Virginia to discharge an at-will employee because such employee has given or may be called to give truthful testimony in a legal action.") *with* Docket 52 at 9 ("The court finds that South Dakota has articulated a substantial public policy in protecting the right of individuals to testify in an official legislative proceeding.").

Defendants nevertheless contend that this court will be the first in the nation to find such an exception. To the extent that this court is the "first court in the nation" to come to any specific holding, it is only because defendants have construed the issue so narrowly as to eliminate any potential precedent. Additionally, this court rejects the implication that novelty is synonymous with error. For these reasons, as well as those articulated in the court's previous order, defendants' motion for reconsideration is denied.

## II. Certification to the South Dakota State Court

Defendants ask, in the alternative, that the court certify to the South Dakota Supreme Court the question of whether a public policy exemption to the at-will employ doctrine exists for individuals who testify before an official legislative proceeding. Docket 56 at 9. "The decision whether to certify a question to a state supreme court 'is by no means obligatory merely because state law is unsettled; the choice instead rests in the sound discretion of the federal court.' " *Saunders v. Thies*, 38 F.4th 701, 716 (8th Cir. 2022) (citing *McKesson v. Doe,* 141 S.Ct. 48, 51 (2020) (per curiam)). As the Supreme Court noted, "state certification procedures . . . can prolong the dispute and increase the expenses incurred by the parties." *McKesson*, 141 S.Ct. at 51. "[O]ur system of 'cooperative judicial federalism' presumes federal and state courts alike are competent to apply federal and state law." *Id.*

The Eighth Circuit has urged caution in certifying questions to the state court when the case originated in state court and was removed. "[F]ederal courts 'should be slow to honor a request for certification from a party who

5

chose to invoke federal jurisdiction.' " *Smith v. SEECO, Inc.*, 922 F.3d 406, 412 (8th Cir. 2019) (quoting 17A Charles Alan Wright, Arthur R. Miller et al., Fed. Prac. & Proc. Juris. § 4248 (3d ed. 2017 update)). Such caution is all the more warranted when the party has already "received an unfavorable outcome" and "seeks a second bite of the apple." *Id.*

This matter originated in the state court system; defendants were the party to invoke federal diversity jurisdiction and remove it to federal court. Docket 1. Further, defendants chose not to ask for the question of law to be certified prior to this court's decision. Defendants instead waited until the court had already expended judicial resources to resolve the legal issue. *See* Docket 55. Certifying an already decided question to the South Dakota Supreme Court would be duplicative and an unnecessary waste of judicial resources. Thus, the court declines to certify any question to the South Dakota Supreme Court.

### III.   Interlocutory Appeal to the Eighth Circuit

Lastly, defendants ask for an interlocutory appeal to the Eighth Circuit. Under 28 U.S.C. § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.

The Eighth Circuit, however, cautions for the sparing issuance of interlocutory appeals. "It has long been the policy of the courts to discourage

6

piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *Union County, Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (cleaned up) (quoting *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (cleaned up)). "Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." *Id.* The movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.*

To certify a question for interlocutory appeal, the district court must determine: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id.* These requirements are jurisdictional. *See id.* at 645. Defendants argue that all three requirements are met in this case and that the court should use its discretion to certify the appeal. Docket 56 at 12-13. Donohue contends that defendants have not met the "heavy burden" to justify certification. Docket 58 at 7. Specifically, Donohue asserts that there is no "substantial difference of opinion" because defendants have not cited any authority contrary to the order in dispute and so an appeal would not "materially advance the ultimate determination of the litigation." *Id.*

Under Eighth Circuit caselaw, the lack of clear precedent cannot constitute a "substantial difference of opinion." *See White*, 43 F.3d at 378. "[I]dentification of a sufficient number of conflicting and contradictory opinions [can] provide substantial grounds for disagreement," but "substantial ground

7

for difference of opinion does not exist merely because there is a dearth of cases." *Id.* (internal quotations omitted). As discussed *supra* at 4, defendants have failed to cite any contradictory law. Slight differences in the underlying facts of non-binding cases are not the "conflicting and contradictory opinions" required for this court to recommend an interlocutory appeal. *See White*, 43 F.3d at 378. Thus, the second criteria for certification of interlocutory appeal is not met. Because all three criteria must be satisfied for certification, defendants' motion is denied. *See Union County, Iowa*, 525 F.3d at 645-46 (finding criteria are jurisdictional and all three are mandatory).

## CONCLUSION

Because defendants have not met the burden to demonstrate that reconsideration, certification to the state court, or certification of interlocutory appeal are warranted, it is

ORDERED that defendants' motion (Docket 55) is denied.

DATED June 1, 2023

                            BY THE COURT:

                            */s/ Karen E. Schreier*
                            KAREN E. SCHREIER
                            UNITED STATES DISTRICT JUDGE